IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| LEON ALLEN, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WENCO MANAGEMENT, LLC,<br><br>Defendant. | Case No. _____<br><br>**DEMAND FOR JURY TRIAL** |

**DEFENDANT'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453, Defendant Wenco Management, LLC ("Wenco") hereby removes this action from the Ashland County Court of Common Pleas to the United States District Court for the Northern District of Ohio.

A true and correct copy of the Complaint is attached as Exhibit A to this Notice. A copy of the Ashland County Court of Common Pleas case docket and all process, pleadings and orders filed to date in the state court action is attached as Exhibit B to this Notice. The civil cover sheet is Exhibit C to this Notice. Defendant's written notice of the filing of this Notice of Removal to Plaintiff is attached as Exhibit D, and a copy of this Notice will be filed with the Clerk of the Ashland County Court of Common Pleas. A declaration by Zane Gross in support of this Notice of Removal is attached as Exhibit E.

The grounds for removal are as follows:

I.  BACKGROUND

1. On October 20, 2022, Wenco Management, LLC announced a data security incident (the "Incident") wherein an unauthorized person(s) accessed its network, including enrollment records of participants in Wenco's employer-sponsored health plan.

2. On November 13, 2022, Leon Allen, on his behalf and on behalf of all individuals impacted by the Incident, filed a putative class action complaint against Wenco in the Ashland County Court of Common Pleas, styled *Allen v. Wenco Management, LLC*, Case No. 22-CIV-188.

3. Plaintiffs' Complaint includes claims for negligence and negligence *per se* alleging that Wenco failed to implement industry-standard security measures to protect the class' personally-identifiable information ("PII"). (Compl. ¶¶ 66–83.)

4. Plaintiff alleges that the Incident has caused "actual, tangible, injury-in-fact and damages, including, without limitation, the theft of their PII by criminals, improper disclosure of their PII, lost benefit of their bargain, lost value of their PII, and lost time and money incurred to mitigate and remediate the effects" of the Incident. (Compl. ¶ 74.)

5. Plaintiff seeks relief including an award of all damages, attorneys' fees, reimbursement of litigation expenses, restitution, disgorgement, and injunctive, declaratory, or other relief. (Compl. ¶¶ 64, 84.)

6. By removing this action from the Ashland County Court of Common Pleas, Wenco does not waive any defenses available to it, including, but not limited

to, defenses based on personal jurisdiction, improper venue, and improper or lack of service of process.

7. Likewise, by removing this action, Wenco does not admit any of the allegations in Plaintiff's Complaint.

## II. GROUNDS FOR REMOVAL UNDER CAFA

8. "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending," 28 U.S.C. § 1441(a).

9. "[T]he Class Action Fairness Act grants original jurisdiction over class claims that meet the statutory requirements." *Ceres Ents., LLC v. Travelers Ins. Co.*, 2021 WL 110789, at *3 (N.D. Ohio Jan. 12, 2021). "[N]o presumption against removal applies in cases invoking jurisdiction under CAFA. . . . To the contrary, CAFA embodies a strong preference that the federal courts hear class actions, if properly removed." *Smith v. Nationwide Agribusiness Ins. Co.*, 2022 WL 109263, at *2 (N.D. Ohio Jan. 12, 2022).

10. Pursuant to CAFA, a putative class action may be removed when: (i) the suit involves a class action filed under Federal Rule 23 or a similar state statute or rule; (ii) there are at least 100 putative class members; (iii) any member of the putative class is a citizen of a state different from any defendant; and (iv) the amount in controversy in the aggregate exceeds the sum or value of $5,000,000, exclusive of interest and costs. 28 U.S.C. §§ 1332(d)(1)(B), 1332(d)(2), 1332(d)(5).

11. This Court has subject matter jurisdiction under the CAFA because: (1) there are at least 100 putative class members; (2) there is minimal diversity of citizenship between the members of the putative class and Defendant Wenco Management, LLC; (3) the amount in controversy exceeds $5,000,000 in the aggregate, exclusive of interests and costs; and (4) all other requirements for removal have been satisfied.

### A. This Case Involves a Class Action.

12. CAFA defines a "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

13. Plaintiff seeks to represent a putative class pursuant to Civ. R. 23, the state of Ohio's analog to Federal Rule of Civil Procedure 23. (Compl. ¶¶ 57–65.) Thus, the first CAFA requirement is satisfied.

### B. There Are More Than 100 Putative Class Members.

14. Plaintiff seeks to represent a putative class comprised of "[e]very person whose information was compromised in the data breach that affected Wenco Management, LLC's systems on or about August 21, 2022." (Compl. ¶ 57.)

15. Based on its investigation, Wenco determined that the Incident impacted 20, 544 individuals. (*See* Ex. E, Decl. of Zane Gross at ¶ 8.)

16. Thus, CAFA's 100-person requirement is satisfied. *See* 28 U.S.C. § 1332(d)(5)(B).

### C. Minimal Diversity Exists.

17. Under CAFA, diversity of citizenship exists where "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

18. For purposes of 28 U.S.C. § 1332(d), a limited liability company "has the citizenship of its members and sub-members." *Akno 1010 Market Street St. Louis Missouri LLC v. Pourtaghi*, 43 F.4th 624, 626 (6th Cir. 2022).

19. Wenco Management, LLC is a limited liability company made up of two members—both of whom are citizens of the state of Ohio. (*See* Ex. E, Decl. of Zane Gross at ¶¶ 3–5.) Thus, Wenco is a citizen of the state of Ohio for diversity purposes.

20. Plaintiff alleges he is a citizen of the state of Ohio. (Compl. ¶ 5.)

21. Wenco provided notice to 20,544 individuals impacted by the Incident—only 12,846 are Ohio citizens. The rest are citizens of states other than Ohio, including Alabama, Arkansas, Arizona, Delaware, Florida, Georgia, Illinois, Indiana, Kentucky, Louisiana, Maryland, Missouri, Michigan, Minnesota, Mississippi, North Carolina, Nebraska, Nevada, New York, Oklahoma, Pennsylvania, South Carolina, Texas, Virginia, Washington, Wisconsin and West Virginia. (*See* Ex. E, Decl. of Zane Gross at ¶¶ 8–10.)

22. Because the citizenship of members of the putative class differ from Wenco Management, LLC, diversity of citizenship exists under CAFA. *See* 28 U.S.C. § 1332(d)(2).

### D. The Amount-in-Controversy Requirement is Satisfied.

23. To satisfy the amount-in-controversy for purposes of removal, defendants "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold"—the notice need not contain evidentiary submissions. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88–89 (2014) ("Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation.").

24. Pursuant to CAFA, the complaint must put in controversy more than $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(2). The claims of the individual class members are aggregated for purposes of CAFA's amount-in-controversy requirement. *See* 28 U.S.C. § 1332(d)(6).

25. Although the Complaint does not specifically list the amount of damages Plaintiff and the putative class members seek in this action, the allegations make clear that the amount in controversy exceeds $5,000,000, exclusive of interest and costs.

26. Plaintiff claims that he and the putative class lost the value of their PII and that they will spend "considerable time and money on an ongoing basis to try to mitigate and address harms caused" by the Incident and that they will be at "an increased risk of identity theft and fraud for years to come." (Compl. ¶¶ 35, 49.)

27. Plaintiff also alleges that his PII and that of the Class has been stolen and accessed by criminals and they are, therefore, "at an imminent and substantial risk of identity theft." (Compl. ¶¶ 36–37.)

28. Plaintiff estimates that "stolen PII can be worth up to $1,000 depending on the type of information" and that "out-of-pocket expenses [ ] can exceed thousands of dollars for the victim of new account identity theft." (Compl. ¶¶ 39, 48)

29. The putative class consists of over 20,000 individuals. (*See* Ex. E, Decl. of Zane Gross at ¶ 8.) Thus, even a fraction of the class claiming theft and out-of-pocket expenses as estimated by Plaintiff exceeds the amount-in-controversy requirement.

30. Moreover, in addition to damages for theft and out-of-pocket expenses, Plaintiffs also seek restitution, disgorgement, and other relief.

31. Accordingly, it is clear from the face of the Complaint that, when damages for theft, out-of-pocket expenses, restitution, and disgorgement are aggregated, CAFA's $5,000,000 amount-in-controversy threshold is exceeded here.

### E. The Mandatory Exception to CAFA Does Not Apply.

32. There is one mandatory exception to CAFA. Indeed, the Court must decline jurisdiction if "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(B).

33. As explained *supra*, Wenco is a citizen of the state of Ohio but less than two thirds of the proposed class are citizens of the state of Ohio. *See* Section II(C). Thus, the exception does not apply.

### III. COMPLIANCE WITH PROCEDURAL REQUIREMENTS.

34. Defendant satisfies each of the procedural requirements for removal set forth in 28 U.S.C. § 1446.

#### A. Removal is Timely.

35. Defendant is entitled to remove this action within thirty days of receipt of service of the Complaint. *See* 28 U.S.C. § 1446(b)(1). The Complaint was filed on November 13, 2022, and Wenco was served on November 19, 2022. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354–56 (1999) (30-day removal period begins to run upon service of summons and complaint). Accordingly, this Notice of Removal is timely.

#### B. Removal is to the Proper Court.

36. This Court is located in the "district and division" within which the state court action is pending in Ashland County, Ohio, and is therefore the proper court. *See* 28 U.S.C. §1446(a).

#### C. All Pleadings and Process Are Attached.

34. In compliance with 28 U.S.C. § 1446(a), copies of all process, pleadings, orders, and other papers filed in the state court action are attached hereto as Exhibits A and B.

WHEREFORE, Wenco Management, LLC respectfully requests that the action be removed to this Court and this Court assume full jurisdiction as if it had been originally filed here.

Dated: January 18, 2023

**BAKER & HOSTETLER LLP**

By: */s/ Lisa M. Ghannoum*
    Lisa M. Ghannoum (80950)
    Brittany N. Lockyer (97923)
    BAKER & HOSTETLER LLP
    127 Public Square, Suite 2000
    Cleveland, Ohio 44114
    Tel: 216.861.7872
    Fax: 216.696.0740
    Email: lghannoum@bakerlaw.com
        blockyer@bakerlaw.com

*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing and all attached documents were filed electronically on January 18, 2023, and served on all counsel of record.

**SERVICE LIST:**

Matthew R. Wilson
Michael J. Boyle, Jr.
Jared W. Connors
**MEYER WILSON CO., LPA**
305 W. Nationwide Blvd.
Columbus, OH 43215
Telephone:   614.224.6000
Facsimile:    614.224.6066
Email:  mwilson@meyerwilson.com
            mboyle@meyerwilson.com
             jconnors@meyerwilson.com

*/s/ Lisa M. Ghannoum*
*Attorney for Defendant Wenco*
*Management, LLC*